UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL GUNN,

                              Plaintiff,

            -against-

JANE DOE, x-ray technicians, *et al.*,

                              Defendants.

19-CV-10383 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Sing Sing Correctional Facility, brings this *pro se*

action alleging that Defendants denied him adequate medical treatment at Sing Sing. Because

Plaintiff names employees of the New York State Department of Corrections and Community

Supervision (DOCCS), the Court construes the complaint as raising claims under 42 U.S.C.

§ 1983. By order dated December 11, 2019, the Court granted Plaintiff's request to proceed

without prepayment of fees, that is, *in forma pauperis*.[1]

For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

# BACKGROUND

Plaintiff's claims arose at Sing Sing Correctional Facility where a Jane Doe x-ray technician and Defendant Nurse Andy Miller allegedly violated his rights during an x-ray examination. Plaintiff sues the Doe technician and Miller.

The following facts are taken from the complaint: "[O]n May 5, 2016, during x-ray examination Andy Miller, RN #449 with deliberate indifference explained to x-ray technicians 'do you know what's he in prison for? He killed his ex-girlfriend.'" (ECF No. 2 at 7.) The Doe technician exclaimed twice, "'TMI!'" (*Id.*) After taking the x-ray, the Doe technician indicated that the x-ray showed an abnormality; both the technician and Miller blamed Plaintiff for the abnormality, claiming he moved during the exam. Plaintiff disputes that he moved. Because of the abnormality, either Miller of the technician ordered another x-ray, and during this second x-ray, the technician failed to provide Plaintiff with a protective shield.

As a result, Plaintiff has suffered "undue hardships, depression, paranoia personality disorder, nightmares, high levels of stress, unlawful discrimination and targeting, anxiety, low self-esteem, worrying, hopelessness and despair, fear, humiliation and needless degradation[.]" He seeks money damages.

# DISCUSSION

## A. Deliberate-Indifference-to-Medical-Needs Claim

The Eighth Amendment to the United States Constitution protects convicted prisoners against deliberate indifference to any conditions that pose a substantial risk of serious harm. Deliberate indifference claims include an objective component and a subjective component. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Prisoners alleging deliberate indifference to their medical needs must satisfy both components to state a claim under the Eighth Amendment.

The objective component requires that a prisoner "show that the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (internal quotation marks and citation omitted). The deliberate indifference standard "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain") (internal quotation marks and citation omitted)).

The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). That is, the prisoner must state facts showing that the medical professional possessed "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996); *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that the subjective component requires that the plaintiff show that a medical professional "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that the officer drew the inference).

Where a medical professional inadvertently or negligently fails to provide adequate care, a prisoner cannot state a constitutional violation under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, a "mere disagreement over the proper treatment" is not actionable. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *see, e.g.*, *Hill*, 657 F.3d at 123 (holding that medical officer who prescribed Motrin rather than stronger pain medication

to treat a broken wrist did not have the "culpable state of mind" to satisfy the subjective component of the deliberate indifference standard).

Plaintiff's allegations that Defendants falsely accused him of moving while taking an x-ray and then failed to provide him with protective gear during a second x-ray examination do not suggest that Plaintiff suffered an objectively serious medical need or that Defendants ignored a substantial risk of harm to Plaintiff. Rather, the complaint suggests that Plaintiff and Defendants disagreed as to whether Plaintiff required a second examination and whether he required protective gear during the exam. Moreover, the facts alleged do not suggest that the failure to provide protective gear is "a condition of urgency . . . that may produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86.

The Court is inclined to dismiss Plaintiff's deliberate indifference to medical needs claim for failure to state a claim. But in light of Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint to state any facts suggesting that the failure to provide protective gear was significantly serious and that Defendants were aware of the risk but failed to protect Plaintiff from the harm.

**B.      Disclosure-of-Plaintiff's-Criminal-History Claim**

Plaintiff asserts that while he was undergoing an x-ray, Miller informed the x-ray technician that Plaintiff had been convicted of killing his girlfriend. Based on the other facts alleged in the complaint, the Court concludes that Plaintiff included this fact in support of his claim that his medical care was inadequate. But, to the extent he intends to raise a separate claim, these facts do not state a claim of a violation of any constitutional right.

Under the Fourteenth Amendment, government officials may disclose publicly available information, such as criminal records, and individuals do not have a right to challenge such a disclosure. *See Paul v. Davis*, 424 U.S. 693, 713 (1976). But prisoners do have a Fourteenth

Amendment right to challenge the disclosure of their medical records by correctional staff. *See Hancock v. Cty. of Rensselaer*, 882 F.3d 58, 65 (2d Cir. 2018). Here, Plaintiff asserts that Miller revealed personal information regarding his criminal history. Thus, Plaintiff cannot state a claim under the Fourteenth Amendment regarding the disclosure of information about his conviction.

Under the Eighth Amendment, a prisoner may state a failure-to-protect claim where a correction officer identifies the prisoner's crime in front of other prisoners, causing the targeted prisoner to be at risk of harm. *See, e.g.*, *Mirabella v. Correction Officer O'Keenan*, No. 15-CV-0142, 2016 WL 4678980, at *4 (W.D.N.Y. Sept. 7, 2016) (holding that "[a]lthough the precedent for identifying a prisoner as a sex offender or child molester is less well-defined, [the plaintiff's] allegations are sufficient to plead that [the officer's] alleged 'publish[ing]' of [the plaintiff's] crime made [him] a target, much the same as if [the officer] had called him a snitch") (citing *Arnold v. Cty. of Nassau*, 252 F.3d 599, 601 (2d Cir. 2001) (acknowledging policy of segregating "inmates charged with sex crimes . . . from the general prison population because they are at greater risk of assault by other inmates")).

Plaintiff does not state any facts suggesting that anyone other than the x-ray technician learned of Plaintiff's criminal history, or that Miller in any way caused Plaintiff to be targeted by other prisoners because of the disclosure. While Plaintiff does not state a violation of any constitutional right related to the disclosure of his criminal history, the Court grants him leave to amend this claim to state any facts suggesting that Miller placed Plaintiff at risk because of his disclosure.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his deliberate-indifference-to-medical-needs and disclosure-of-Plaintiff's-criminal-history claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim

against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-10383 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff

fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 17, 2020
           New York, New York

COLLEEN McMAHON
Chief United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

### AMENDED
# COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                          Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Defendant 2:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Defendant 3:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Defendant 4:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____