UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL GUNN,

                                        Plaintiff,

                    -against-

JOHN DOE, *et al.*,

                                        Defendants.

19-CV-10383 (LLS)

ORDER TO SHOW CAUSE

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated January 17, 2020, the Court granted Plaintiff leave to amend his complaint.

For the reasons set forth below, the Court directs Plaintiff to show cause within sixty days of the date of this order why the Court should not dismiss this matter as time-barred.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action claiming that Defendants exposed him to radiation during an x-ray, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. In his original complaint, he stated that the incident occurred on May 5, 2016 (*see* ECF No. 2, at 7); in his amended complaint, he states that it occurred or September 22, 2016 (*see* ECF No. 8, at 4).

Plaintiff signed and dated the original complaint on November 2, 2019. (ECF No. 2, at 21.)

## DISCUSSION

The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

A prisoner's *pro se* civil complaint is deemed "filed" at the moment the prisoner delivers the complaint to prison authorities for mailing to the court. *See Walter v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005).

Plaintiff signed the complaint on November 2, 2019, and the Court received it on November 6, 2019. The events giving rise to this claim occurred either on May 5, 2016, or September 26, 2016. Plaintiff therefore filed this action after the three-year statute of limitations expired.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court

should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

It is plain from the face of the complaint that this action is time-barred. In light of Plaintiff's *pro se* status, the Court grants him sixty days to show cause why this action should not be dismissed as time-barred. Plaintiff's declaration should state facts showing that equitable tolling should be applied in this case. *See In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (noting that the doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity'"). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.

## CONCLUSION

The Court directs Plaintiff to show cause why the Court should not dismiss his § 1983 claims as time-barred. Plaintiff must submit a declaration to this Court's Pro Se Intake Unit within sixty days of the date of this order and label the document with docket number 19-CV-10383 (LLS). No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim on which relief may be granted.

A copy of this order is to be mailed in chambers.

Dated:   May 6, 2020
         New York, New York

Louis L. Stanton
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address | City      State      Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |