UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL GUNN,

                Plaintiff,

            -against-

JANE DOE, *et al.*,

                Defendants.

19-CV-10383 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is incarcerated at Sing Sing Correctional Facility, is proceeding *pro se* and *in forma pauperis*. Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated January 17, 2020, the Court granted Plaintiff leave to amend his complaint, and on May 6, 2020, directed Plaintiff to show cause why the Court should not dismiss the action as time-barred. Plaintiff filed a declaration, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**BACKGROUND**

Plaintiff initiated this action on November 2, 2019, when he signed and dated his original complaint. (*See* ECF No. 2, at 21.) His claims concern the alleged exposure to radiation during an x-ray, which occurred on either May 5, 2016 (*see id.* at 7) (original complaint), or September 22, 2016 (*see* ECF No. 8, at 4) (amended complaint). Because the statute of limitations for a claim brought under § 1983 is three years, *see Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002), and Plaintiff did not file his complaint within three years of either of the above-referenced dates, the Court directed Plaintiff to file a declaration showing cause why the Court should not dismiss the action as time-barred. (*See* ECF No. 9.)

Plaintiff filed a declaration, but he does not dispute that the action is untimely. Rather, he argues that the limitation period should be equitably tolled and offers several reasons that he claims warrants tolling. The Court has considered these reasons and concludes that they do not justify the tolling of the limitation period.

Generally, a statute of limitation period may be tolled if "compelling circumstances" warrant an exception "to prevent inequity." *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (internal quotation marks and citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.

Here, Plaintiff offers several reasons for filing this action late, but none of these reasons present compelling circumstances, and some of them are irrelevant. First, Plaintiff states that in April and May of 2016 and 2017, his correctional facility was "too cold for [him] to perform daily activities[,] [i]ncluding reading and writing and meeting court deadlines." (ECF No. 10, at 3.) But the fact that the correctional facility was cold for these short periods of time does not

excuse Plaintiff's failure to file this action within three years. The first time period – from April to May of 2016 – preceded the events complained of here. And the second-time period – April to May of 2017 – amounts to only two months out of the 36 months Plaintiff had to file this action.

Second, Plaintiff states that he "experienced physical therapy for more than (3) three years" (*id.* at 4), but he does not argue why his participating in therapy prevented him from filing this action.

Third, Plaintiff refers to his two hunger strikes, which occurred in June and July of 2017. Even assuming that Plaintiff's choice to engage in hunger strikes could be an excuse for his not filing in time, he does not explain what impact his hunger strikes had on him at the time or why they would have affected his ability to file this action in a timely fashion after they had concluded.

Fourth, Plaintiff states that in 2017,[1] a correction officer confiscated his glasses, but this does not explain why Plaintiff failed to file this action in 2018 or 2019.

Finally, Plaintiff alleges that in 2016 and 2017, he was denied access to the law library at Green Haven Correctional Facility, and that in 2017, a correction officer confiscated his legal papers. Even assuming Plaintiff was unable to file his complaint in 2016 and 2017, any obstacles he experienced early in the limitation period does not justify his failing to file this action on a timely basis by 2019.[2]

---

[1] Plaintiff references a grievance he filed in 2017 regarding the confiscation of his glasses. (*See* ECF No. 2.)

[2] Because Plaintiff provides two different dates for the day in which he was exposed to radiation, the Court is unable to determine when in 2019 the limitation period expired.

As Plaintiff fails to set forth compelling circumstances to justify the equitable tolling of three-year statute of limitation period, the Court dismisses this action for failure to state a claim.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## FURTHER LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:   September 21, 2020
         New York, New York

                                                */s/ Louis L. Stanton*
                                                 Louis L. Stanton
                                                     U.S.D.J.

---

[3] In another action Plaintiff filed here, where the Court directed him to show cause why that action was not time-barred, Plaintiff referenced many of the same events. *See Gunn v. Annucci*, ECF 7:19-CV-10039, 6 (S.D.N.Y.). But in that action, the limitation period was set to expire at the same time these alleged events transpired. Here, these events occurred early in the limitation period; Plaintiff therefore had sufficient time to file this action after these events. The Court offers no opinion as to whether the limitation period in the 19-CV-10039 action should be tolled.